HENRY DU BOIS V. ANN MARTIN, APPELLEE, ET AL., IMPLEADED WITH SAMUEL C. COLT, APPELLANT.

FILED APRIL 7, 1904.   No. 13,420.

Foreclosure:   DOWER:   STATUTE OF LIMITATIONS.   A mortgagee obtained a decree of foreclosure in the year 1877, the proceeds of the sale being distributed among various lienholders according to their priority, leaving a balance insufficient to satisfy the lien of the mortgage. The question of the dower interest of the mortgagor's wife was presented in the foreclosure suit, but there was no adjudication thereof in the decree. She was made a party and served with summons, but made no appearance in the suit. In 1901, the mortgagee filed a supplemental cross-petition in the foreclosure suit, serving summons upon the mortgagor's wife, and asking that she be decreed to pay him the balance due on his mortgage, or be barred of her dower right. *Held*, That the attempted proceedings were barred by the statute of limitations.

ERROR to the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Affirmed.*

*Ricketts & Ricketts,* for appellant.

*Strode & Strode* and *Guy A. Anderson, contra.*

KIRKPATRICK, C.

It is disclosed by the record in this case that one O. J.
Martin was the owner of certain land in Lancaster county,
Nebraska; and of this land the S. ½ of the N. W. ¼ of
section 28, township 12, range 6, involved in this contro-
versy was a part. Ann Martin, appellee, was the wife of
O. J. Martin. On April 15, 1874, one Seeley Y. Mason re-
covered a judgment against O. J. Martin for the sum of
$450.88, and on November 2, 1874, Martin and his wife
executed a mortgage upon the premises to appellant,
Samuel C. Colt, for $1,272. Some time later O. J. Martin
seems to have executed a second mortgage upon the prem-
ises to one Henry Du Bois; and on August 19, 1876, Du
Bois brought a suit of foreclosure, and made Mason, the
judgment creditor, and Samuel C. Colt, appellant, parties
defendant. Colt filed an answer and cross-petition, mak-
ing Ann Martin, appellee, a party defendant, and legal
service of summons seems to have been made upon her.
Seeley Y. Mason answered, setting up his judgment, which
antedated all the mortgages, and alleged that he had levied
upon the land in controversy in the case at bar under an
execution issued upon his judgment, and had sold the land,
bidding it in himself, prior to the commencement of the
foreclosure proceedings. This cause was referred to a
referee to return findings of fact and conclusions of law,
which was done; and, subsequently, in 1877, a decree
of foreclosure was entered on the report of the referee, fix-
ing the amount of the liens, and determining the priorities
of the various parties. Ann Martin, appellee, seems to
have made default in the foreclosure proceedings, but the
decree was silent as to her dower interest, and the land in
controversy was omitted from the decree and order of
sale. After satisfying the prior liens from the proceeds of

the sale, there remained to apply on the decree of appellant, Colt, the sum of $515.30, which would leave a balance due him of $756.68.   No further payment seems ever to have been made by Martin upon this indebtedness.  In 1893 O. J. Martin died, leaving surviving him appellee, his widow.  On September 12, 1901, appellant Colt filed in the old case of *Du Bois v. Martin*, in which the proceedings hereinafter referred to were had, a pleading which he styled a supplemental cross-petition, in which he sets out the transactions substantially as hereinbefore narrated, and prayed for a decree, that, on the failure of Ann Martin to pay the balance due on his decree within a time to be fixed by the court, her dower interest in the premises might be sold for the satisfaction thereof.   To this supplemental cross-petition, appellee answered, setting up the foreclosure of appellant's mortgage in the proceedings mentioned; that no mistake had been made in the entry of the decree; that no proceedings had ever been taken to correct, modify or appeal from it, and that it had become final; and that the mortgage was wholly barred by the statute.   To this answer was filed, for reply, a general denial.   Trial was had, which resulted in a finding that the mortgage of appellant was barred by the statute of limitations, and judgment dismissing the supplemental cross-petition.   The correctness of this judgment, so entered, is presented in this appeal.

It is contended on behalf of appellant that, inasmuch as the pleadings in the first foreclosure case presented the question of the dower right of appellee in the real estate in controversy herein, and no action was taken by the court in that case upon this question, therefore, the effect was to leave the question of dower right an undetermined and pending question, and that, as such, it could be brought to the attention of the trial court at any time, and, it being a pending case, the statute of limitations would not run. We are not disposed to question the correctness of the decisions, cited by appellant, in cases where the facts were such as to warrant the application of the principle con-

tended for; but, in the view we take of the facts of this case, these decisions have no application. The answer and cross-petition of appellant Colt having presented an issue of the dower right of appellee, we are of opinion that it must be conclusively presumed to have been adjudicated. If appellant neglected to obtain all the relief to which he was entitled under his mortgage, it was due to his own neglect, and we are of opinion that he can not now be heard to complain.

A decree was entered in the case, a sale was had, and the proceeds were distributed, a portion of which was paid to appellant. The case was closed up, and we do not see upon what principle it could ever again be considered as a pending cause. The fact that appellant filed a supplemental cross-petition, and caused new service to be made upon appellee, would seem to indicate that appellant himself regarded his action as the commencement of a new proceeding. We are of opinion that appellant, having failed in the first proceeding to insist upon his lien upon all the land covered by his mortgage, is in the same position he would occupy had he made proof but for half the amount actually due him at the time. It would hardly be contended that he could now come in, at the end of nearly 25 years, and have a decree for the remainder. The only right of action appellant has must arise out of his mortgage, and all rights thereunder having become fully barred by the statute, there can be no recovery. The judgment of the trial court in dismissing the cross-petition of appellant seems to be right, and it is recommended that it be affirmed.

DUFFIE and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.